Village Medical Supply, Inc., as Assignee of MIGUEL JIMENEZ, Respondent,
against
MVAIC, Appellant.



Appeal from a decision of the Civil Court of the City of New York, Kings County (Ingrid Joseph, J.), dated April 5, 2013, and from a judgment of the same court entered December 3, 2013. The judgment, entered pursuant to the decision, after a nonjury trial, awarded plaintiff the principal sum of $698.26.




ORDERED that so much of the appeal as is from the decision is dismissed, as no appeal lies therefrom (see CCA 1702); and it is further,
ORDERED that the judgment is reversed, with $30 costs, and the matter is remitted to the Civil Court for the entry of a judgment in favor of defendant dismissing the complaint.
At a nonjury trial in this action to recover assigned first-party no-fault benefits, the parties agreed that the sole issue for trial was whether plaintiff's assignor was a "qualified person," and, thus, whether he was eligible to recover no-fault benefits from defendant Motor Vehicle Accident Indemnification Corporation (sued herein as MVAIC). Following the trial, the Civil Court awarded plaintiff judgment in the principal sum of $698.26.
Proof that a claimant is a resident of the State of New York is a condition precedent to the claimant being a "qualified person" (Insurance Law § 5202 [b]) and, thus, potentially eligible to be deemed to be a "covered person" who would be entitled to recover no-fault benefits from MVAIC (Insurance Law § 5221 [b] [2]). Plaintiff did not establish that MVAIC had been provided with proof that the assignor had been a resident of the State of New York on the date of the accident.
In addition, "[t]he filing of a timely affidavit providing the MVAIC with notice of intention to file a claim is a condition precedent to the right to apply for payment from [MVAIC]' (see Insurance Law § 5208 [a] [1], [3]). Compliance with the statutory requirement of timely filing a notice of claim must also be established in order to demonstrate that the claimant is a covered person,' within the meaning of the statute, entitled to recover no-fault benefits from the MVAIC (see Insurance Law § 5221 [b] [2]; Ocean Diagnostic Imaging v Motor Veh. Acc. Indem. Corp., 8 Misc 3d 137[A], 2005 NY Slip Op 51271[U] [App Term, (2d Dept,) 2d & 11th Jud Dists (2005)])" (A.B. Med. Servs. PLLC v Motor Veh. Acc. Indem. Corp., 10 Misc 3d 145[A], 2006 NY Slip Op 50139[U], *3 [App Term, 2d Dept, 2d & 11th Jud Dists 2006]; see also M.N.M. Med. Health Care, P.C. v MVAIC, 22 Misc 3d 128[A], 2009 NY Slip Op 50041[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]; Bell Air Med. Supply, LLC v MVAIC, 16 Misc 3d 135[A], 2007 NY Slip Op 51607[U] [App Term, 2d Dept, 2d & 11th Jud Dists [*2]2007]). Plaintiff did not establish that such an affidavit had been submitted to MVAIC. 
For the foregoing reasons, plaintiff failed to establish its prima facie case (see Insurance Law §§ 5202 [b]; 5208, 5221 [b] [2]; SK Prime Med. Supply, Inc. v MVAIC, 49 Misc 3d 145[A], 2015 NY Slip Op 51663[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). 
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for the entry of a judgment in favor of defendant dismissing the complaint.
Pesce, P.J., Aliotta and Solomon, JJ., concur.
Decision Date: September 27, 2016